# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

HADI KASOVI,

Petitioner,

v.

CHRISTOPHER LAROSE, *et al.*,

Respondents.

Case No. 26-cv-02185-BAS-MMP

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

## I.    BACKGROUND

On December 18, 2025, this Court issued an order granting Petitioner Hadi Kasovi's Habeas Petition and ordering that he have a bond hearing before an Immigration Judge within 14 days.  (Case No. 25-cv-3288-BAS-MMP, ECF No. 8.)  At that time, the Court found Petitioner had been released on his own recognizance on July 8, 2024, and that Immigration and Customs Enforcement ("ICE") abruptly re-detained him without notice and an opportunity to be heard.  Thus, this Court found he was entitled to a bond hearing to address why release on his own recognizance was no longer appropriate.  (*Id.*)

- 1 -

26cv2185

The Department of Homeland Security ("DHS") complied with this Court's order and held a bond hearing before an Immigration Judge ("IJ") on December 30, 2025. (ECF Nos. 6-2, 6-3.) At that hearing, the IJ found that Petitioner was a danger to the community. (ECF No. 6-3.) Specifically, the IJ found that in multiple interviews with immigration officials—held after Petitioner's release on his own recognizance—Petitioner "provided conflicting information regarding his involvement with the Islamic Revolutionary Guard Corps," an organization that in 2019 the Department of State designated a Foreign Terrorist Organization. (*Id.*) "While the [IJ] declined to determine whether [Petitioner] was actually a member of a terrorist organization," the IJ found that Petitioner's "inconsistent information was troubling." (*Id.*) "Moreover," the IJ found, Petitioner "failed to provide any evidence that would allay the Court's concerns."

Petitioner argues now that this finding was incorrect because it relied on "confusion, translation issues, or inconsistent terminology about mandatory service" in Iran. (ECF No. 8.) Plus, Petitioner argues the IJ's decision was based on speculation and thus should be set aside.

In addition, Petitioner maintains that his detention has now become prolonged, which would require the burden to shift to the Government to show that his detention is necessary. Finally, Petitioner argues that this prolonged detention has created mental suffering both for himself and for his family. (ECF No. 1.) The Government responds that Petitioner should be required to exhaust his administrative remedies (ECF No. 6), and Petitioner replies (ECF No. 8). For the reasons stated below, the Court **DENIES** the Petition.

## II.    ANALYSIS

### A.    Exhaustion of Administrative Remedies

As a preliminary matter, the Government has complied with the Court's original Order. Specifically, the Court ordered that DHS hold a bond hearing within 14 days before an IJ, and that Order was followed. Instead, Petitioner argues that the IJ made the wrong decision in denying Petitioner bond. (ECF No. 1.) Petitioner has appealed this decision to

- 2 -

26cv2185

the Board of Immigration Appeals ("BIA") but argues that exhaustion should nonetheless be waived.  (ECF No. 1.)

"Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence."  *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).  Although Section 2241 does not specifically require a petitioner to exhaust administrative remedies before seeking habeas relief, "[n]onetheless, 'we require, as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241.'"  *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (quoting *Castro-Cortez v. INS,* 239 F.3d 1037, 1047 (9th Cir. 2001)); *see also Puga v. Chertoff*, 488 F.3d at 815 ("[P]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional.").  "Lower courts are, thus, not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived."  *Laing*, 370 F.3d at 998.  Grounds for waiving exhaustion include finding that: (1) administrative remedies "are inadequate or not efficacious," (2) exhaustion "would be a futile gesture," (3) "irreparable injury will result" if petitioner is required to exhaust administrative remedies, or (4) "administrative proceedings would be void."  *Id.* at 1000.

Petitioner in this case has failed to exhaust his administrative remedies.  He is in the process of appealing his bond denial to the BIA.  Although this is a prudential requirement, requiring appeal to the BIA makes sense.  The BIA is there for a reason—it provides agency expertise helpful to determine whether bond in a given case is warranted.  If, as Petitioner argues, the Immigration Judge made a rogue decision, appealing to the BIA allows the agency to correct its own mistakes and precludes the need for judicial review.  And finally, direct appeal to the district court encourages deliberate bypass of an administrative scheme.  *See Puga*, 488 F.3d at 815 (listing reasons for requiring administrative exhaustion).  Although appeal to the BIA may take longer than a direct appeal to the district court, Petitioner has not shown that such an appeal would be inadequate or a futile gesture.  Nor would irreparable injury result.  Although certainly a longer period of incarceration is a serious injury, if that were all that was required to waive exhaustion, then every BIA appeal

- 3 -

26cv2185

involving bond would be ripe for a district court habeas ruling. Thus, the Court finds appeal to the BIA is a necessary prerequisite in this case before it may consider any error on the part of the Immigration Judge.

###### B. Prolonged Detention

Petitioner also argues that his prolonged detention violates the Constitution. The Court agrees that immigration detention without a bond hearing can be deemed arbitrarily and unreasonably prolonged and thus a violation of the detainee's due process rights. *See, e.g.*, *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."). However, Petitioner fails to show that his detention has been arbitrarily or unreasonably prolonged.

Petitioner has been detained since June 22, 2025, and apparently during that time period, he received his merits hearing and is only waiting for the BIA appellate process to conclude. He has been detained ten months and fails to show that DHS is responsible for delaying or prolonging his immigration proceedings. Thus, he has not been held for an arbitrarily or unreasonably long period of time.

In addition, Petitioner had a bond hearing before an IJ, and the IJ found that Petitioner posed a danger to the community because of his conflicting statements regarding his involvement with the IRGC, an organization that has been designated as a Foreign Terrorist Organization. Thus, DHS could legitimately determine that Petitioner poses a danger to the community and revoke his release on his own recognizance. This was not arbitrary.

Accordingly, Petitioner's argument that his detention has been arbitrarily and unreasonably prolonged fails.

//

//

//

- 4 -

26cv2185

## III.   CONCLUSION

For the reasons stated above, the Court **DENIES** the Petition.  (ECF No. 1.)  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

**DATED: May 5, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv2185